FILED

**IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

99 APR 15 PM 3: 44

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CAROLYN LANZI, BARRY LANZI, ) <br> and NICK'S SNACKS, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BP OIL COMPANY, A DIVISION OF ) <br> BP EXPLORATION AND OIL INC., ) <br> ) <br> Defendant. ) | Civil Action No. 98-N-1450-W <br><br> ENTERED <br> APR 15 1999 |

## MEMORANDUM OPINION

This Court has for consideration Defendant's Motion for Summary Judgment filed on January 29, 1999. For the reasons set forth herein, the motion is due to be granted.

The Court finds that the following facts are not disputed. On or about September 1, 1992, Blaise Barry Lanzi ("Lanzi") and BP Oil Company ("BP") entered into a contract pursuant to which Lanzi became a gasoline dealer for BP. This initial contract was renewed on September 1, 1993 for a three year term, to expire on August 31, 1996. Prior to August 31, 1996, BP and Lanzi agreed to terminate the dealer relationship. In connection with the termination of the dealer relationship, on July 8, 1996, Lanzi executed a written release of all claims against BP. The release included the following language:

> Dealer hereby agrees to release and hold harmless BP Oil against all claims it has arising out of said agreement and the franchise created thereby, including without limitation any claims under the Petroleum Marketing Practices Act.

BP allowed early termination of the agreement, approved Lanzi's transfer of his dealership interest, and elected not to charge a transfer fee.

Plaintiffs' claims allege violation of the Alabama Motor Fuel Marketing Act, fraud, and breach of contract. Upon consideration of the submissions of the parties, this Court finds that the release executed by Mr. Lanzi is valid and enforceable and operates to bar all claims arising out of the relationship between BP and Lanzi, including those asserted in this action. Furthermore, because the claims arise out of the dealership agreement, which is by its own terms applicable to Lanzi alone, the claims of the additional plaintiffs cannot stand. Thus, the Court is of the opinion that the Motion for Summary Judgment should be granted, and the Court has entered contemporaneous herewith an order granting the motion.

This the 14th day of April, 1999.

_____
Honorable Edwin L. Nelson